# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL MCCOLE,** : | |
| **Petitioner** : | **CIVIL ACTION NO. 3:05-1620** |
| v. : | **(CONABOY, D.J.)** |
|  | **(MANNION, M.J.)** |
| **SUPERINTENDENT ROBERT D. SHANNON, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** : : | |
| : | |
| **Respondents** | |
| : | |

## REPORT AND RECOMMENDATION

On August 10, 2005, the petitioner, an inmate at the State Correctional Institution at Frackville, ("SCI-Frackville"), Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction in the Court of Common Pleas of Philadelphia County, Pennsylvania, together with a "Memorandum of Argument" in support thereof. (Doc. No. 1). On the same day, the petitioner filed an application to proceed in forma pauperis. (Doc. No. 2). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases. 28 U.S.C. foll. § 2254[1].

---

[1]Ordinarily, prior to giving the petition preliminary consideration, the court would issue an administrative order in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), advising the petitioner of the limitations upon his right to file another § 2254 habeas petition in the future if his petition were to be
(continued...)

The petitioner indicates that he was convicted in the Court of Common Pleas of Philadelphia County on April 10, 1984, on numerous charges, including rape, involuntary deviate sexual intercourse, terroristic threats and corrupting the morals of a minor.  According to the petitioner, prior to sentencing, he entered into an agreement to withdraw his post-trial motions in exchange for a negotiated sentence of sixteen to thirty-two years imprisonment with a five year term of probation to follow.  The petitioner brings the instant action arguing that he was denied release after he completed his initial sixteen years of incarceration in violation of the aforementioned agreement.  (Doc. No. 1).

To the extent that this action is presented as a habeas corpus action, this action should be transferred to the United States District Court for the Eastern District of Pennsylvania. In 1966, 28 U.S.C. § 2241(d) was amended to provide that when an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court which contains two or more federal judicial districts, the application may be filed in either the district court for the district wherein such person is in custody, or in the district court for the district within which the state court was located which

---

[1](...continued)
considered by the court as filed.  In that connection, the petitioner would be given leave to withdraw his petition without prejudice to filing another petition raising any and all grounds for relief from his conviction.  However, because the court is recommending transfer of the instant action to the Eastern District of Pennsylvania, the administrative order has not been issued.

convicted and sentenced the petitioner. Each of the district courts shall have concurrent jurisdiction to entertain the application. That section further provides, however, that the district court for the district wherein such an application is filed, in the exercise of its discretion and in the furtherance of justice, may transfer the application to the other district court for hearing and determination.

Since the amendment of that section, it has been the agreed practice of the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, to transfer any habeas petitions filed by a petitioner incarcerated in their respective districts to the district which includes the county where the conviction was had.  In the instant action, the Philadelphia County Court would have the records for the conviction complained of in this action; the witnesses, if any, would be located there; and counsel, who would be familiar with those records, could more readily and conveniently respond to any order to show cause issued by the Eastern District of Pennsylvania.

In fact, the petitioner had previously filed another petition for writ of habeas corpus in this district which has just recently been transferred to the Eastern District of Pennsylvania. See McCole v. Shannon, et al., Civil Action No. 1:05-0992 (Caputo, J.).

As a final matter, the court notes that, in attempting to establish state court exhaustion, the petitioner indicates that he filed a civil complaint in the Court of Common Pleas of Philadelphia County on July 11, 2001, raising,

3

among other things, a claim for breach of contract based upon the purported violation of the plea agreement. The petitioner claims that this action was dismissed in its entirety on February 28, 2002. On appeal, the petitioner indicates that the Pennsylvania Superior Court affirmed the decision of the lower court on December 11, 2003. The petitioner indicates that the Pennsylvania Supreme Court denied allocatur on August 25, 2004.

In the alternative, although it does not appear from the instant action that he is doing so, to the extent that the petitioner is attempting to challenge the decisions of the state courts, his remedy would be by way of an appeal to the United States Supreme Court, not by way of a petition for writ of habeas corpus. Thus, to the extent that the instant action could be construed as an appeal of the decisions of the state courts, the instant action should be dismissed.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT**:

1. To the extent that the instant action is viewed as a petition for writ of habeas corpus, the action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2241(d), and any decision on the petitioner's motion to proceed in forma pauperis, (Doc. No. 2), be reserved for the United States District Court for the Eastern District of Pennsylvania; and

2. In the alternative, to the extent that the instant action is viewed as an attempt by the petitioner to appeal the state courts decisions issued in his civil matter, the instant action be dismissed.

                            <u>s/Malachy E. Mannion</u>

                            **MALACHY E. MANNION**
                            **United States Magistrate Judge**

**Dated: August 30, 2005**
O:\shared\REPORTS\2005 Reports\05-1620.lp.wpd